IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS JEFF RICHARDSON,<br><br>Defendant. | CR 22-61-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant THOMAS JEFF RICHARDSON, (Richardson) has been accused of violating conditions of his supervised release. (Docs.44 and 52). Richardson admitted the alleged violations. Richardson's supervised release should be revoked. Richardson should be sentenced to custody until January 7, 2027, with no term of supervised release to follow.

## II. Status

Richardson pled guilty on October 4, 2022, to the offense of Prohibited Person In Possession Of A Firearm, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) as charged in Count 2 of the Indictment. (Doc.18 ). Richardson was sentenced to custody for a term of 24 months, followed by three (3) years of supervised release.

(Doc. 26). Richardson's current term of supervised release began on March 19, 2025.

**Petition**

On June 17, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Richardson' supervised release. (Doc. 44). The Petition alleged Richardson violated conditions of his supervised release by: (1) failing to participate in substance abuse testing as instructed by his probation officer since January of 2026; and (2) failing to follow the instructions of his probation officer by failing to report to his probation officer as instructed.

**Initial Appearance**

Richardson appeared before the Court on August 26, 2026. Richardson was represented by counsel. Richardson stated that he had read the Petition and that he understood the allegation against him. Richardson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Richardson appeared before the Court on August 26, 2026. Richardson admitted the allegations set forth in the Petition. The Court continued Richardson's sentencing hearing until November 24, 2026 at 10:30 a.m.

**Amended Petition**

On September 8, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Richardson' supervised release. (Doc. 52). The Amended Petition alleged Richardson additionally violated the conditions of his supervised release by: (3) failing to report for substance abuse testing as instructed on September 1, 2026.

**Second Initial Appearance**

Richardson appeared before the Court on October 7, 2026. Richardson was represented by counsel. Richardson stated that he had read the Amended Petition and that he understood the allegations against him. Richardson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Second Revocation hearing**

Richardson appeared before the Court on October 7, 2026. The Court noted that Richardson had previously admitted the allegations set forth as allegations 1-2 in the Amended Petition. Richardson then admitted that he had violated the conditions of his supervised release as set forth in allegation 3 of the Amended Petition. Richardson's admitted violations, 1-3, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Richardson appeared before the Court on October 7, 2026. Richardson's violations are Grade C. His criminal history category is II. Richardson's underlying offense is a Class C felony. Richardson could be incarcerated for up to 24 months. Richardson could be ordered to remain on supervised release for up to 33 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Richardson's supervised release should be revoked. Richardson should be sentenced to custody until January 7, 2027, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Richardson that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Richardson of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Richardson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any,

sanction to impose. Richardson waived his right to appeal and allocute before Judge Morr

The Court **FINDS**:

> That THOMAS JEFF RICHARDSON has violated the conditions of his supervised release by: (1) failing to participate in substance abuse testing as instructed by his probation officer since January of 2026; (2) failing to report to his probation officer as instructed; and (3) failing to report for substance abuse testing as instructed on September 1, 2026.

The Court **RECOMMENDS:**

> That the District Court revoke Richardson's supervised release and sentence Richardson to custody until January 7, 2027, with no term of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of October 2026.

John Johnston
United States Magistrate Judge